IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY GARDNER        :      CIVIL ACTION
                              :
      v.                     :
                              :
JAMES WYNDER, et al.      :      No. 07-0360

## REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                  July 3, 2006

        This is a <u>pro se</u> petition for writ of habeas corpus filed pursuant to 28 U.S.C. §

2254 by Anthony Gardner ("Gardner"), an individual currently incarcerated at the State

Correctional Institution at Dallas.  For the reasons that follow, I recommend that the

petition be dismissed.

**FACTS AND PROCEDURAL HISTORY:**

        On March 22, 1991, following a jury trial before the Honorable Joseph D.

O'Keefe, Court of Common Pleas of Philadelphia County, Gardner was convicted of third

degree murder and possession of an instrument of crime.[1]  On March 23, 1991, Judge

O'Keefe sentenced Gardner to a mandatory term of life imprisonment under 42 Pa.C.S.A.

§ 9715, as Gardner had previously been convicted of another murder.

        On direct appeal, the Pennsylvania Superior Court affirmed the judgment of

sentence on November 16, 1992.  <u>Commonwealth v. Gardner</u>, 620 A.2d 1233 (Pa. Super.

1992) (table).  The Pennsylvania Supreme Court denied Gardner's petition for allowance

---

[1]The convictions stemmed from the shooting death of Horace McGill outside the
Aquarius Club in Philadelphia on October 29, 1990.

of appeal on May 3, 1993.  Commonwealth v. Gardner, 625 A.2d 1191 (Pa. 1993) (table).

On January 9, 1997, Gardner filed a pro se petition under Pennsylvania's Post

Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9451, et seq.  Counsel was

appointed and subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d

213 (Pa. Super. 1988), certifying that he had reviewed the entire record and concluded

that there were no meritorious issues to advance before the PCRA court.  On October 20,

1997, the PCRA court dismissed Gardner's petition as meritless and permitted counsel to

withdraw.  Gardner did not file an appeal.

On July 29, 2004, Gardner filed a second PCRA petition.  On May 23, 2005, the

PCRA court dismissed Gardner's petition as untimely.[2]  Gardner appealed to the

Pennsylvania Superior Court and the decision was affirmed on April 12, 2006.

Commonwealth v. Gardner, 902 A.2d 976 (Pa. Super. 2006) (table).  The Pennsylvania

Supreme Court denied Gardner's petition for allowance of appeal on August 2, 2006.

Commonwealth v. Gardner, 903 A.2d 1232 (Pa. 2006) (table).

On November 1, 2006, Gardner filed an "Application to File Original Process in

the Supreme Court of Pennsylvania" along with an associated "Petition for Writ of

Habeas Corpus, In The Supreme Court of Pennsylvania, Eastern District."  See Pet'r Ex.

"B."  On December 20, 2006, the Pennsylvania Supreme Court granted Gardner's

---

[2]Pursuant to the amended PCRA, effective January 16, 1996, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final.  42 Pa. Cons. Stat. Ann. § 9545(b)(1).

Application for Leave to File Original Process, but it denied the associated Petition for Writ of Habeas Corpus.[3] See Pet'r Ex. "A".

On January 23, 2007,[4] Gardner filed the instant petition for a federal writ of habeas corpus challenging the constitutionality of Pennsylvania sentencing statute 42 Pa.C.S.A. 9715 et seq.[5] Respondents have filed an answer asserting that Gardner is not entitled to federal habeas relief because the instant petition is time barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

---

[3]Though Gardner states in his § 2254 petition that he currently has a habeas corpus petition pending in the Philadelphia County Court of Common Pleas, as far as this court can determine he does not. It appears that the petition that Gardner believes is still pending is the Writ of Habeas Corpus that the Pennsylvania Supreme Court denied on December 20, 2006.

[4]Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Gardner signed the instant habeas petition on January 23, 2007.

[5]The relevant statute states:

42 Pa.C.S.A. 9715. Life imprisonment for homicide

(a) Mandatory life imprisonment.--Notwithstanding the provisions of section 9712 (relating to sentences for offenses committed with firearms), 9713 (relating to sentences for offenses committed on public transportation) or 9714 (relating to sentences for second and subsequent offenses), any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary.

**DISCUSSION**:

## I.  Statute of Limitations

_____Section 101 of the AEDPA, effective April 24, 1996, amended habeas corpus law

by imposing a one (1) year limitation period to applications for writ of habeas corpus filed

by persons in state custody.  28 U.S.C.A. § 2244(d)(1).  Section 2244, as amended,

provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by state action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such state action;
>
> © the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The amended statute also provides that the time during which a

properly filed application for state post-conviction or other collateral review is pending

shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the

date on which the judgment became final by the conclusion of direct review or the

4

expiration of the time for seeking such review." <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d

Cir. 2000).  Gardner's conviction became final on August 1, 1993, when the time for

filing a writ of certiorari to the United States Supreme Court expired.  <u>See</u> S.Ct.R. 13(1)

(stating petitioners have ninety (90) days to file a petition for a writ of certiorari); <u>Morris</u>

<u>v. Horn</u>, 187 F.3d 333, 337 n.1 (3d Cir. 1999).  Because his conviction became final prior

to April 24, 1996, the effective date of the AEDPA, Gardner would have had until April

24, 1997, to timely file his § 2254 petition.  <u>Duncan v. Walker</u>, 533 U.S. 167 (2001) ("in

the context of AEDPA's 1 - year limitations period, which by its terms runs from the

'date on which the judgment became final,' see § 2244(d)(1)(A), the Courts of Appeal

have uniformly created a 1- year grace period, running from the date of AEDPA's

enactment, for prisoners whose state convictions became final prior to AEDPA.); <u>Burns</u>,

134 F.3d at 111-12.

However, on January 9, 1997 – 260 days into the federal statute of limitations –

Gardner filed his first PCRA petition.  Because this petition was filed in accordance with

Pennsylvania's procedural requirements, it is considered a "properly filed application" for

post-conviction relief, thereby tolling the one (1) year limitation period.  <u>See</u> 28 U.S.C. §

2254(d)(2) (the time during which a "properly filed application" for state post-conviction

review is pending shall not be counted toward the one (1) year period of limitation); <u>Artuz</u>

<u>v. Bennett</u>, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and

acceptance are in compliance with the applicable laws and rules governing filings" such

as "the form of the document, the time limits upon its delivery, the court and office in

which it must be lodged, and the requisite filing fee").  Such a petition is considered

"pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing

his state post-conviction remedies, including the time for seeking discretionary review of

any court decisions whether or not such review was actually sought.  See Swartz, 204

F.3d at 424.  Gardner's petition was thus pending until November 19, 1997, when the

thirty (30) days expired for seeking an appeal in the Pennsylvania Superior Court from the

denial of his PCRA petition.  At this time, the one (1) year grace period began to run

again and Gardner had 104 days, or until March 4, 1998, to file a timely § 2254 petition.

See Johnson v. Hendricks, 314 F.3d 159, 162 (3rd Cir. 2002), cert. denied., 538 U.S. 1022

(2003) (28 U.S.C. § 2244(d)(2)'s tolling provision does not reset date from which the

applicable one (1) year limitations period begins to run).

Gardner submitted the instant petition for filing on January 23, 2007, over eight (8)

years after the limitation period had expired on March 4, 1998.[6]  He does not assert that

there has been an impediment to filing his habeas petition which was caused by state

action, that his petition involves a right which was newly recognized by the United States

Supreme Court, or that there are new facts which could not have been previously

---

[6]On July 29, 2004, Gardner filed his second PCRA petition.  This petition would not toll
the federal statute of limitations because it was filed after the federal statute of limitations had
already expired.  Moreover, the petition was deemed untimely and thus, was not "properly filed."
See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state post-
conviction review is pending shall not be counted toward the one (1) year period of limitation);
Artuz, 531 U.S. 4.

discovered.  See 28 U.S.C. § 2244(d)(1)(B)-(D).  Consequently, Gardner would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

## II.  Equitable Tolling

The United States Supreme Court has not decided whether equitable tolling is available in the context of a federal habeas petition.  See, e.g., Lawrence, 127 S.Ct. 1079, 1085 (2007) ("[w]e have not decided whether § 2244(d) allows for equitable tolling . . . we assume without deciding that it is").  The Third Circuit, however, has ruled that the one (1) year period of limitation for § 2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar.  See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988).

In assuming that equitable tolling is available, the United States Supreme Court recently stated that a litigant bears the burden of establishing two (2) elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  Lawrence, 127 S.Ct. at 1085 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (requiring that plaintiff has "in some extraordinary way" been prevented from asserting his rights). The Court also held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling."  Id.; see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes

7

have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice."  See Jones, supra.  Gardner presents us with no evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so.  Because Gardner has not established "extraordinary" circumstances which would justify application of equitable principles, this court finds that there are no circumstances which would make the rigid application of the limitation period unfair.  Consequently, Gardner's petition must be dismissed as untimely.

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this 3RD day of July, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.  There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

 

 

_____ /S/ PETER B. SCUDERI
_____ PETER B. SCUDERI
                                    UNITED STATES MAGISTRATE JUDGE

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANTHONY GARDNER            :        CIVIL ACTION
                           :
        v.                 :
                           :
JAMES WYNDER, et al.       :        No. 07-0360


**O R D E R**

AND NOW, this         day of                   , 200     , upon careful and

independent consideration of the petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254, and after review of the Report and Recommendation of United States

Magistrate Judge Peter B. Scuderi, and any objections filed thereto, IT IS ORDERED

that:

      1.  The Report and Recommendation is APPROVED and ADOPTED.

      2.  The petition for a writ for habeas corpus filed pursuant to 28 U.S.C. §

2254 is DISMISSED.

      3.  There is <u>no</u> basis for the issuance of a certificate of appealability.

                          BY THE COURT:


                          _____
                          JAMES T. GILES, J.