IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY GARDNER, | : | CIVIL ACTION |
| Petitioner, | : | NO. 07-00360 |
| v. | : | |
| JAMES WYNDER, et al., | : | |
| Respondents. | : | |

**<u>ORDER</u>**

AND NOW, this 23rd day of July, 2007, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, the Respondents' Response to Petition for Writ of Habeas Corpus, and the Petitioner's Reply to Respondent's Response to Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, and Petitioner's Objections thereto, it is hereby ORDERED that:

    1.    The Report and Recommendation is APPROVED and ADOPTED. The court rejects Petitioner's arguments in his Objections that his petition for habeas corpus is not barred under the applicable statute of limitations because he challenges the constitutionality of a state statute and claims he currently has a petition pending before the state court. The requirements under the applicable statute of limitations apply regardless of the substance of Petitioner's habeas claims. <u>See</u> 28 U.S.C. § 2244(d)(1). From the state court dockets, it does not appear that Petitioner has a pending petition before any of the state courts. Regardless of whether Petitioner has a

        pending petition, however, the analysis under the applicable statute of limitations is not affected because, as discussed in the Report and Recommendation, any such petition would be untimely, not properly filed, and would not have a tolling effect.  See 28 U.S.C. §§ 2244(d)(1)(B)-(D), 2244(d)(2); Pace v. DiDuglielmo, 544 U.S. 408, 417 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000).

2. The petition for a writ of habeas corpus is DENIED as untimely.

3. There is no basis for the issuance of a certificate of appealability for the reasons stated in the adopted Report and Recommendation.

BY THE COURT:

       S/ James T. Giles
                          J.