IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY GARDNER | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | NO. 07-360 AND 08-2419 |
| v. | : | |
| | : | |
| JAMES WYNDER, et al. | : | |
| Respondents. | : | |

**OPINION**

**Slomsky, J.** April 27, 2011

## I. INTRODUCTION[1]

On January 26, 2007, Petitioner Anthony Gardner filed with this Court a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Civ. No. 07-360, Doc. No. 1). On July 23, 2007, former Chief Judge James T. Giles denied the Petition. (Civ. No. 07-360, Doc. No. 12.)

On February 18, 2010, well over two years after Judge Giles denied Petitioner's habeas petition, Petitioner filed a Motion uniquely titled: "Application to Raise a Question of Law Pursuant to 28 U.S.C.A. § 1331, for an Analysis of the Extent of the United States Supreme Court Holding: For Re Characterization, in, Castro v. United States; with Consolidated Motion for Relief Pursuant to Rule 60(b)(4), (5), and (6)" (the "Application") (Civ. No. 07-360, Doc. No. 20; Civ. No. 08-2419 Doc. No. 14). Thereafter, on August 2, 2010, this Court referred the

---

[1] The above-captioned civil actions are related to each other. This matter was originally assigned Civil Action Number 07-360. On May 23, 2008, Petitioner filed a Motion pursuant to Federal Rule of Civil Procedure 60(b) contesting Judge Giles' Order dismissing Petitioner's habeas petition as untimely (Civ. No. 07-360, Doc. No. 12). The Clerk of Court filed that Motion under a new Civil Action Number, 08-2419. The instant Motion, i.e., Petitioner's objections to Magistrate Judge Strawbridge's Report and Recommendation, has been filed on both dockets. (See Civ. No. 07-360, Doc. No. 25; Civ. No. 08-2419, Doc. No. 17.)

Application to United States Magistrate Judge David R. Strawbridge for a Report and Recommendation. (See Civ. No. 07-360, Doc. No. 23; Civ. No. 08-2419, Doc. No. 15). On October 22, 2010, Magistrate Judge Strawbridge issued a Report and recommended that Petitioner's Application be denied. (Civ. No. 07-360, Doc. No. 24; Civ. No. 08-2419, Doc. No. 16.) On November 5, 2010, Petitioner filed objections to the Report and Recommendation. (Civ. No. 07-360, Doc. No. 25; Civ. No. 08-2419, Doc. No. 17.)

The Court has considered the record, including Petitioner's Application (Civ. No. 07-360, Doc. No. 20), Magistrate Judge Strawbridge's Report and Recommendation (Civ. No. 07-360, Doc. No. 24), and Petitioner's Objections to Judge Strawbridge's Report and Recommendation (Civ. No. 07-360, Doc. No. 25), and will approve and adopt Magistrate Judge Strawbridge's Report and Recommendation (Civ. No. 07-360, Doc. No. 24) and deny Petitioner's Application. (Civ. No. 07-360, Doc. No. 20).

## II. SUMMARY OF FACTUAL AND PROCEDURAL BACKGROUND[2]

Petitioner is incarcerated at SCI-Dallas, serving a life sentence. Over nineteen years ago, on March 23, 1991, a jury in the Philadelphia Court of Common Pleas convicted Petitioner of Third Degree Murder and possession of an instrument of crime. This was Petitioner's second murder conviction. According to 42 Pa. Cons. Stat. § 9715(a):

> (a) Mandatory life imprisonment.--Notwithstanding the provisions of section 9712 (relating to sentences for offenses committed with firearms), 9713 (relating to sentences for offenses committed on public transportation) or 9714 (relating to sentences for second and subsequent offenses), **any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at**

---

[2] The relevant facts and procedural posture in this case are set forth in Magistrate Judge Strawbridge's Report and Recommendation. (Civ. No. 07-360, Doc. No. 24 at 1-13; Civ. No. 08-2419, Doc. No. 16 at 1-13.)

> **any time of murder** or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction **shall be sentenced to life imprisonment**, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa. C.S. § 9715(a) (emphasis added). In light of this provision, the Honorable Joseph D. O'Keefe of the Philadelphia Court of Common Pleas sentenced Petitioner to a term of life imprisonment.

Petitioner unsuccessfully appealed his conviction and sentence. On November 16, 1992, the Pennsylvania Superior Court affirmed the judgment of sentence and on May 3, 1993, the Pennsylvania Supreme Court denied a petition for allowance of appeal. See Commonwealth v. Gardner, 620 A.2d 1233 (Pa. Super. Ct. 1992) (table); Commonwealth v. Gardner, 625 A.2d 1191 (Pa. 1993) (table). On or about January 9, 1997, Petitioner filed a *pro se* petition under the Pennsylvania Post-Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* (PCRA). On October 20, 1997, the PCRA court dismissed the petition as lacking merit. (Civ. No. 07-360, Doc. No. 1 at 5-6.) No appeal was taken from the denial of this PCRA petition.

More than six years later, on or about July 29, 2004, Petitioner filed a second *pro se* PCRA petition. On May 23, 2005, the PCRA court dismissed the petition as untimely and on April 12, 2006, the Superior Court affirmed the dismissal. Commonwealth v. Gardner, 902 A.2d 976 (Pa. Super. Ct. 2006) (table). On August 2, 2006, the Pennsylvania Supreme Court denied Petitioner allowance of appeal. Commonwealth v. Gardner, 903 A.2d 1232 (Pa. 2006) (table).

On November 1, 2006, Petitioner filed in the Pennsylvania Supreme Court an "Application to File Original Process in the Supreme Court of Pennsylvania" and a "Petition for Writ of Habeas Corpus, In the Supreme Court of Pennsylvania, Eastern District." (Civ. No. 07-

360, Doc. No. 1, Exhibit ("Ex.") B.) On December 20, 2006, the Pennsylvania Supreme Court granted the application for leave to file original process and denied the petition for writ of habeas corpus. Gardner v. Corbett, 914 A. 2d 866 (Pa. 2006). (Civ. No. 07-360, Doc. No. 1, Ex. A.)

As already noted, on January 26, 2007, Petitioner filed a petition for a federal writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. See Premo v. Moore, 131 S. Ct. 733 (2011) (statutory authority of federal courts to issue habeas corpus relief for a person in state custody is found in 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA)). (Civ. No. 07-360, Doc. No. 1.) The purpose of his petition was to challenge the constitutionality of 42 Pa. Cons. Stat. § 9715. (Civ. No. 07-360, Doc. No. 1 at 9.) The late United States Magistrate Judge Peter B. Scuderi prepared a Report recommending that the petition be denied because it was untimely by more than eight years, and on July 23, 2007, Judge Giles denied Petitioner's objections and approved and adopted the Report and Recommendation. (Civ. No. 07-360, Doc. No. 12). Petitioner sought a certificate of appealability, which was denied by the Third Circuit on November 7, 2007. (Civ. No. 07-360, Doc. No. 17.)

On May 20, 2008, Petitioner filed a Motion pursuant to Federal Rule of Civil Procedure 60(b) asking the Court to set aside Judge Giles's July 23, 2007 Order denying Petitioner habeas relief. (Civ. No. 08-2419, Doc. No. 1 at 1.) On July 16, 2008, Judge Giles issued a Memorandum Opinion finding, among other things, that Petitioner's Rule 60(b) claim was potentially viable, and referred the matter to Magistrate Judge Scuderi for a Report and Recommendation. (Civ. No. 8- 2419, Doc. No. 2 at 3-6.) On August 28, 2008, Magistrate Scuderi issued a Report and recommended that Petitioner's May 20, 2008 Motion be denied.

(Civ. No. 08-2419, Doc. No. 4 at 6-7.) Shortly thereafter, Judge Giles retired and the matter was transferred to this Court. On December 17, 2008, this Court denied Petitioner's objections and approved and adopted Magistrate Judge Scuderi's Report and Recommendation denying Petitioner's Rule 60(b) Motion. (Civ. No. 08-2419, Doc. No. 9-1.)

In response, on February 24, 2009, Petitioner filed another Rule 60(b) Motion, challenging the denial of his previous Rule 60(b) Motion. (Civ. No. 08-2419, Doc. No 10 at 3.) This Court denied that Motion in an Order filed on March 3, 2009, on the basis that Rule 60(b) does not provide relief from a previously denied Rule 60(b) Motion. (Civ. No. 08-2419, Doc. No. 11.) After nearly a year of silence on the docket, Petitioner filed the Application that is currently at issue, which appears to be a third Rule 60(b) Motion challenging the denial of Petitioner's federal habeas petition.[3]

As stated, Magistrate Judge Strawbridge has issued a Report and Recommendation to which Petitioner has filed objections. The Court must now "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III. DISCUSSION

As best as the Court can determine, Petitioner raises one objection to Magistrate Judge Strawbridge's Report and Recommendation and advances two arguments in support of his objection. Generally, Petitioner avers that the January 26, 2007 habeas petition he filed in this

---

[3] Rule 60(b) is cited in the title of Petitioner's instant Application. The only other citation in the title is 28 U.S.C. § 1331, which grants federal courts federal question jurisdiction in civil actions and is not a proper vehicle in which to seek relief from a criminal conviction.

Court was not untimely, as stated in the Report and Recommendation. Therefore, according to Petitioner, Magistrate Judge Strawbridge should have considered the merits of the Application, which challenged the constitutionality of 42 Pa. Cons. Stat. § 9715. (Civ. No. 08-2419, Doc. No. 25). In this regard, Petitioner's first argument is that the January 26, 2007 habeas petition was not untimely filed and was within the one-year statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Petitioner's second argument is that a case decided by the Pennsylvania Supreme Court five years ago established a new constitutional right, thereby restarting the clock on the AEDPA statute of limitations.

In his first argument, Petitioner incorrectly calculates the AEDPA statute of limitations period. Magistrate Judge Strawbridge is correct that the habeas petition was untimely. The AEDPA provides for a one-year limitation period for filing petitions for habeas corpus by state prisoners. See 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If the conclusion of direct review or the expiration of the time for seeking such review expires before April 24, 1996, the date on which the AEDPA went into effect, the one-year limitation period begins to run on April 24, 1996. Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004). In this case, the judgment in Petitioner's state criminal trial became final on May 3, 1993 when the Pennsylvania Supreme Court denied Petitioner's request for allowance to appeal his conviction. Because this date predates the effective date of the AEDPA, the one-year limitation period within which Petitioner could file a petition for habeas corpus began to run on April 24, 1996.

The AEDPA contains a tolling provision, which provides that "[t]he time during which a

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). From April 24, 1996, until January 9, 1997 when Petitioner filed a petition for collateral review under the PCRA, 260 days of the one-year limitation period had run. The January 9, 1997 petition tolled the one-year statue of limitations until October 20, 1997, when the PCRA court denied the petition. This denial was not appealed by Petitioner. When the petition was denied, the remaining 105 days of the limitation period again began to run and expired on February 2, 1998. See Holland v. Florida, 130 S. Ct. 2549, 2556 (2010) (explaining that the AEDPA federal habeas clock begins to tick away the remaining days when the state court completes post-conviction review). Therefore, the application and petition filed by Petitioner in the Supreme Court of Pennsylvania on November 1, 2006 did not toll the one-year statute of limitation, as Petitioner contends, because the limitation period had already expired over seven years earlier. Moreover, Petitioner's subsequent federal habeas corpus petition was untimely because it was filed in this Court on January 26, 2007, almost nine years after the expiration of the limitation period.

      Petitioner argues that the AEDPA also provides for equitable tolling in some circumstances. Petitioner has not established that he is entitled to such a remedy. Petitioner cites Holland for the premise that the one-year AEDPA limitations clock may be tolled for equitable reasons, if a petitioner has (1) been pursuing his rights diligently and (2) some extraordinary circumstances stood in his way. 130 S. Ct. at 2562-5. Here, Petitioner has not presented any evidence that he has been diligently pursing his rights from the time the one-year limitation period began to run. Petitioner also fails to present any evidence of extraordinary

circumstances that prohibited him from timely filing his petition for federal writ of habeas corpus. As such, the Petitioner's first objection to the Report and Recommendation does not justify relief.

Petitioner's second argument is that the AEDPA one-year limitation period should have restarted on September 28, 2006, when the Pennsylvania Supreme Court decided Glen-Gary Corp. v. Zoning Hearing Bd. of Dover Twp., 907 A.2d 1033 (Pa. 2006). In Glen-Gary, the Pennsylvania Supreme Court held that a challenge to the validity of a zoning ordinance could not be dismissed as untimely despite being brought outside the limitations period established by that ordinance. The court held that the doctrine of *ab initio* applied and the movant could challenge the zoning ordinance at any point in time because if the challenge was successful then the ordinance would be void in its entirety – inclusive of the limitations period. Glen Gary Corp. 907 A.2d at 1041, 1045.

Petitioner attempts to apply this holding to 28 U.S.C. § 2244(d)(1)(C). Under § 2244(d)(1)(C), the statute of limitations for federal habeas petitions shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Petitioner claims that after Glen-Gary, the doctrine of *ab initio* is new law in the Commonwealth of Pennsylvania. However, even if the *ab initio* doctrine was newly established in the Commonwealth of Pennsylvania by Glen-Gary, this new state law would have no effect under § 2244(d)(1)(C) because that Section applies to new constitutional rights recognized by the Supreme Court of the United States, not the Supreme Court of Pennsylvania. See 28 U.S.C.§ 2244(d)(1)(C). Glen-Gary is a

Pennsylvania Supreme Court case recognizing the state application of the doctrine of *ab initio*, and it cannot serve as the basis for restarting the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C).[4]

Finally, to the extent that the instant Application is in fact a Rule 60(b) Motion challenging the denial of Petitioner's February 24, 2009 Rule 60(b) Motion, the Application must be denied. As this Court has already held in a prior Order (Civ. No. 08-2419, Doc. No. 11), Rule 60(b) does not provide relief from a previously denied Rule 60(b) Motion.

### III.   CONCLUSION

For the foregoing reasons, the Court will approve and adopt the Report and Recommendation Civ. No. 07-360, Doc. 24; Civ. No. 08-2419, Doc. No. 16.) and deny Petitioner's Application to Raise a Question of Law Pursuant to 28 U.S.C.A. 1331 for an Analysis of the Extent of the United States Supreme Court Holding: For Re Characterization, in, Castro v. United States; with Consolidated Motion for Relief Pursuant to Rule 60(b)(4), (5), and (6) (Civ. No. 07-360, Doc. No. 20; Civ. No. 08-2419 Doc. No. 14). No certificate of appealability will be issued.

An appropriate Order follows.

---

[4]   To the extent Petitioner argues that Glen-Gary authorizes a second or successive habeas petition, this Court does not have jurisdiction to address that claim. Authorization for second or successive habeas petitions must come from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3)(A). Thus, Petitioner's objections applying Glen-Gary to 28 U.S.C. § 2244(d)(1)(C) do not entitle him to relief.